Good morning. Ernie Rossiello for the plaintiffs in this case. I hope not to use my full 10 minutes unless necessary, of course. This appeal involves two issues. Number one is construction of Rule 5D2 of the Federal Rules of Civil Procedure. And the second is the grant of a summary judgment in a Title VII retaliation case for a railroad against the only two black employees in an orientation group hired to become signal helpers back in January 2011. The magistrate judge to whom jurisdiction was consented found that there was no evidence to support a retaliatory motive. And she granted summary judgment to the employer. The chief reason she found there was no evidence was that she disregarded virtually all the evidence, namely five depositions from the plaintiff, which were one of them from Mr. Burks, the plaintiffs, because the transcripts had mistakenly not been electronically filed, although she concededly had been provided with paper copies of the complete deposition transcripts by my messenger service at the time she was given all the other papers. Under Rule 5D2 of the Federal Rules of Civil Procedure, paper copies of the depositions should have been deemed filed when they were delivered to her. Rule 5D2 provides that a paper is filed when it is delivered to the clerk. And our contention is we believe properly so. Mr. Rossiano, I don't understand why we should care. If there is important information in those transcripts, then I can see why we should care. But I looked at your brief, and your brief doesn't mention any information that was in those transcripts that the magistrate judge didn't consider. If Your Honor looks at the plaintiff's counterstatement of material facts... I'm not asking for plaintiff's counterstatements of material facts. I'm asking whether there is in your brief any description of the material you think was in those transcripts and should have been considered by the district court. Yes, I believe there is, Judge. Okay, where in your brief? If you look on pages 2-13 of the reply brief... No, I asked about your brief. The reply brief is too late. Where in your brief are you discussing what it is that the magistrate judge didn't have? I have the location. Pages 24-29 of the opening brief, I believe that has the materials. I was very, very careful in preparing the briefs here to only use facts which were in the Statement of Uncontested Facts that were part of the record. The only thing that was not... Then I'm lost. If pages 24-29 are based on the Statement of Uncontested Facts, you're not helping with my question. What facts, supposedly in the transcript and not otherwise before the magistrate judge, was the magistrate judge unaware of? Well, she was unaware of the fact that the plaintiffs were the only two black employees who had satisfactorily completed their 90-day probationary period. In fact, I think she mentioned that. They both had lodged complaints with Union Pacific's EEO office and the EEOC that they were having race discrimination issues with the same boss, Mr. Morgan Riley. Both of them were trying to take what was called a skilled craft battery test to qualify them for the next job level. Both had contacted their union representative who gave a deposition, which she never considered, which said that there were jobs available when the plaintiffs were applying for them. And the railroad said there were no jobs. I mean, I understand what you're saying. Once we dispose of the procedural issue, whether she correctly disregarded all those transcripts, whether there's a prima facie case of discrimination, and we believe that there is. Under the recent standards in this court, the plaintiff must merely produce sufficient scraps of evidence for a rational jury to find or to infer prohibited discrimination. And we believe there are quite a few facts, and we have certainly borne that burden of proof. And I bring Your Honor's attention to the 2013 case of Morgan v. SVT, Perez v. Thornton's. Counsel? Yeah. Is this something which is in your brief? You filed a Rule 28 letter? Those cases, there's no Rule 28 letter. They're cited in the reply brief. So why are you trying to spell them out for us? Well, they're in the brief, Judge. They're in the reply brief. Thornton. Perez, rather. Yeah, Perez. Page 2 of the reply brief. Alexander v. Casino Queen, pages 1, 2, and 5 of the reply brief. Morgan v. SVT is pages 6 and 7 of the reply brief. Mr. Rossiello, can I go back to the procedural issue for a moment? Yeah, sure. The issue apparently was raised about four months before the district court ruled, and that is about the failure to file these transcripts electronically as required by local rule. Was there any effort to fix the problem in those four months before the district court ruled? Well, Judge, I honestly did not become aware of the problem until I got the magistrate's decision. Didn't you see the response brief from the moving party? I did. And that didn't alert you to the fact that all the evidence you were relying upon apparently wasn't in the record? It honestly didn't occur to me. I thought that was just general defense litigation tactics, that it's not there. As soon as I got the decision, I checked the record and saw that I had made a mistake and not correctly filed five of those transcripts. Now, the record shows that I intended to file those transcripts because dockets 71, 74, 75, and 88 all show that I intended to file those particular depositions, but I filed the wrong document. What happened was I was trying to be my own secretary when that happened. Now, but Rule 5D2 says that where a mistake like that happens, when a paper copy is given to a court, that is deemed the official court record, and that's Local Rule 5 of the Northern District of Illinois. If there's no electronic version, the paper copy, which she concededly got, she had them. It's in the appendix, page 25. She acknowledges having received the paper copies. I'm going to save some of my time. Thank you. Certainly, counsel. Ms. Farley. May it please the court. Tracy Farley, and I represent Union Pacific Railroad in this case brought by Mr. Jones and Mr. Burks under Title VII. I will first address for you the procedural issue that Mr. Rossiello was just addressing, which is the exclusion of the deposition transcripts that were never filed electronically. As this court is aware, electronic. Would you first address the thing that she had the written copies available to her? Yes, under Local Rule 5, what Mr. Rossiello was referring to, it allows filing with the clerk, which the clerk is not defined, but it means the clerk of the court, not the individual judge's courtroom deputy. Courtroom deputies are employees of the clerk of the court, right? Correct. And to take that to its logical conclusion, when Mr. Rossiello never served Union Pacific with those deposition transcripts. There's a service problem, no doubt, but that's different from a filing problem. So electronic filing only allows for certain exceptions, and none of those exceptions are met here. The electronic filing rules have been in place for 10 years. What does this say about, to pick up on Judge Hamilton's question, the clerk of the court, although assigned, depending on the district you're in, but the clerk, courtroom deputy clerk, is an employee of the clerk's office. That doesn't count as a clerk under the local rule? I would say no, because electronic filing has basically preempted that rule by providing that all filing must be done electronically, rather than with the judge or with the clerk. Okay, so it's not whether they had paper copies, whether the clerk had paper copies, it's the fact that there's no electronic filing? That's correct. And what do you say about Rule of Civil Procedure 83A2, which says that a local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a non-wilful failure to comply? That's a good question, Your Honor. I hadn't thought of it that way. Mr. Rossiello says basically he's careless and doesn't check his own work, and he describes that as a non-wilful failure to comply. Don't we have a problem? I don't believe so. Did the district court find that there was a willful failure to comply? I don't think that was addressed by the district court. All right, well, but then Rule 83A2 says you can't enforce a local rule in a way that causes a party to lose any right. That's what it says, national rule. National rules always win over local rules. A national rule that was adopted because of generally the bar's frustration with overly rigid local rules and local practices. Well, I'll put it to you this way, Your Honor. I don't think that a party has lost any right here. When the deposition transcripts that Mr. Rossiello failed to file do not contain any admissible evidence that are at issue in this appeal. The only issue on appeal is whether or not these two individuals presented enough evidence to show that they were retaliated against when they were denied the opportunity to take the skill battery test. None of the evidence that is contained in any of those deposition transcripts, first of all, was admissible to that point. But even so, it would not provide him with enough evidence in order to meet his burden to establish a claim of retaliation, which is the only issue on appeal at this point. In other words, so in light of 83A2, there wasn't any admissible evidence in there anyway. That's correct. And the other issue is this, is that the district courts within their rights to enforce the local rules, pursuant to Federal Rule Civil Procedure 61, in order to be entitled to relief, Mr. Burks and Mr. Jones must show that the district court not only erred, but that the exclusion of this evidence prejudiced their substantial rights. And they can't do so for several reasons, one of which the court has recognized, which is none of this evidence was included in the response to Union Pacific's motion for summary judgment. The second reason is that there's no admissible evidence. And as this court also recognized, counsel had over four months to correct the mistake because all of this information that was excluded was meticulously identified for him in the response to his statement of facts. So each time he cited evidence in his statement of facts that was not in the record, it was identified for him by us, and yet he did nothing in order to correct the record to include that information. Turning to the merits, plaintiffs did not present any evidence that they would have been allowed to take the skill battery test, but for their protected activity. Specifically, neither plaintiff presented any evidence that any assistant signal person was hired into any district, including those reporting to Jesse Stearns at any time they had an application on file. And the district court recognized that, acknowledging then that they had not been rejected for the position at all because there were no positions available. The plaintiff tells us that Mr. Doucette's deposition indicates to the contrary. We've got this Exhibit 5 that's a list of employees. What do we make of this list? Mr. Doucette acknowledged during his deposition that he did not know when any of those individuals applied for the position. He did not know who took the skill battery test and when, and certainly he did not know whether or not they engaged in protected activity or not. There is absolutely no foundation whatsoever for those exhibits. No foundation meaning there's no testimony that actually tells us what inferences can be drawn from them? That's correct. He has no idea what seniority district they applied for, who made the decision as to those individuals, whether or not any of those individuals engaged in protected activity, whether or not when they applied for the position, when it was at the same time that plaintiffs had applications on file. So without that evidence, first of all, it's inadmissible, and second of all, it doesn't go to whether or not these plaintiffs were retaliated against when they were not allowed to take a skill battery test for an assistant signal person position that was not in existence at the time their application was on file. I think importantly, they have not presented any evidence as to any assistant signal person, including those on the chart, who were promoted or hired over them by anyone who had knowledge of their complaints. They haven't shown who made the decision and therefore can't show whether that person had knowledge of their complaints. It has to be but for them engaging in protected activity that they were not allowed to take the test, and without that evidence, they simply cannot prove their case. It is important to note, too, that plaintiffs never sought this information during discovery. They did not depose Jesse Stearns. They did not ask him whether or not he was aware of these complaints. They didn't ask him if he was the person who made the decision regarding these positions that didn't exist at the time that his application was on file. Unless the court has any additional questions, I'd ask that the district court's decision be affirmed. Thank you. Thank you, counsel. Anything further, Mr. Rossiello? One point. There's a recent case that was cited in both our briefs, the Whitfield case, which says that merely because the plaintiff cannot identify who discriminated against him, that that does not allow judgment to be entered for the defendant. That case went to trial, actually, and this court reversed the finding as clearly erroneous. Also, Harry Doucette's deposition was taken for some three, three-and-a-half hours by videotape in St. Louis, and he went through every exhibit, and he produced direct evidence that there were jobs available for these two black guys when the employer said there weren't any jobs. Another thing, there's a very telling letter in the record, document 71, exhibit 5 and 6, those two letters from Melissa Sharp, who was in the EEO office at Union Pacific. She says that the plaintiffs would be eligible for jobs in any seniority district. Counsel here is trying to just limit it to Jesse Stearns' district. Thank you very much. If you have no further questions. Thank you. The case is taken under advice. Thank you very much.